■ WELLS FARGO BANK, N.A., as Trustee for ABFC 2006-OPT3 TRUST, ABFC ASSET-BACKED CERTIFICATES, SERIES 2006-OPT3, Appellant, v ROTIMI EROBOBO, Respondent, et al., Defendants. [9 NYS3d 312]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated April 29, 2013, as denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant Rotimi Erobobo.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Rotimi Erobobo is granted.

On July 17, 2006, Rotimi Erobobo executed a note to secure a loan from Alliance Mortgage Banking Corporation (hereinafter Alliance), to purchase real property located in Brooklyn. Erobobo gave a mortgage to Alliance to secure that debt, thus encumbering the subject premises. Wells Fargo Bank, N.A. (hereinafter the plaintiff), as trustee for ABFC 2006-OPT3,

ABFC Asset-Backed Certificates, Series 2006-OPT3 (hereinafter the trust), alleges that it was assigned the note and mortgage on July 18, 2008. Erobobo allegedly defaulted on the mortgage in September 2009, and, in December 2009, the plaintiff commenced this action against Erobobo,* among others, to foreclose the mortgage. Erobobo's pro se answer contained a general denial of all allegations, and set forth no affirmative defenses. The plaintiff thereafter moved for summary judgment on the complaint, submitting the mortgage, the unpaid note, and evidence of Erobobo's default. In opposition, Erobobo, now represented by counsel, contended that the plaintiff lacked standing because the purported July 18, 2008, assignment of the note and mortgage to the plaintiff failed to comply with certain provisions of the pooling and servicing agreement (hereinafter the PSA) that governed acquisitions by the trust, and was thus void under New York law. The plaintiff replied that Erobobo waived his right to assert a defense based on lack of standing by not asserting that defense in his answer or in a pre-answer motion to dismiss the complaint, and that, in any event, Erobobo's contention was without merit.

The Supreme Court concluded that Erobobo's challenge to the plaintiff's possession, or its status as an assignee, of the note and mortgage did not implicate the defense of lack of standing, but merely disputed an element of the plaintiff's prima facie case, i.e., its contention that it possessed or was duly assigned the subject note and mortgage. On the merits, the court concluded that Erobobo raised a triable issue of fact as to whether the purported assignment of the note and mortgage to the plaintiff violated certain provisions of the PSA governing the trust, and was therefore void under EPTL 7-2.4. The plaintiff appeals. We reverse.

The plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the defendant's default (*see Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 567 [2014]; *Solomon v Burden*, 104 AD3d 839 [2013]; *Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079 [2010]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]).

In opposition, Erobobo failed to raise a triable issue of fact. Even affording a liberal reading to Erobobo's pro se answer (*see Boothe v Weiss*, 107 AD2d 730 [1985]; *Haines v Kerner*, 404 US 519, 520-521 [1972]), there is no language in the answer from which it could be inferred that he sought to assert the defense of lack of standing. Nor did Erobobo raise this defense in a pre-answer motion to dismiss the complaint. Accordingly,

the defendant waived the defense of lack of standing (see CPLR 3211 [a] [3]; [e]; *Matter of Fossella v Dinkins*, 66 NY2d 162, 167-168 [1985]; *Bank of N.Y. Mellon Trust Co. v McCall*, 116 AD3d 993 [2014]; *Aames Funding Corp. v Houston*, 57 AD3d 808 [2008]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244 [2007]), and could not raise that defense for the first time in opposition to the plaintiff's motion for summary judgment (see *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d at 240). In any event, Erobobo, as a mortgagor whose loan is owned by a trust, does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA (see *Bank of N.Y. Mellon v Gales*, 116 AD3d 723, 725 [2014]; *Rajamin v Deutsche Bank Natl. Trust Co.*, 757 F3d 79, 86-87 [2d Cir 2014]).

Erobobo's contention that the plaintiff is not a "holder in due course" of the note and mortgage, as that term is employed in the UCC, is raised for the first time on appeal, and is not properly before this Court for appellate review (see *Goldman & Assoc., LLP v Golden*, 115 AD3d 911, 912-913 [2014]; *Muniz v Mount Sinai Hosp. of Queens*, 91 AD3d 612, 618 [2012]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Erobobo. Balkin, J.P., Hall, Roman and Cohen, JJ., concur.