Filed 10/9/15  Bank of New York Mellon v. Superior Court CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| BANK OF NEW YORK MELLON, as Trustee, etc. et al., | B263701 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC522808) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| JONATHAN LEDESMA, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Joseph R. Kalin, Judge.  Petition granted.

Reed Smith, Zareh A. Jaltorossian, David C. Powell, Molly T. Zapala, and Jamie D. Wells for Petitioners.

No appearance for Respondent.

Law Offices of Joseph De Clue and Joseph De Clue for Real Party in Interest.

_____

Petitioners Bank of New York Mellon (BNYM) as trustee for the CWALT, Inc. Alternative Loan Trust OA2 Mortgage Pass Through Certificated, Series 2007-OA2 (CWALT Trust) and ReconTrust Company, N.A. (ReconTrust) seek the reversal of an order denying their motion for summary judgment. They argue that real party in interest Jonathan Ledesma lacks standing to bring a pre-foreclosure action challenging the alleged irregularities in the securitization of his home loan. We agree and grant the petition.

## FACTUAL AND PROCEDURAL SUMMARY

In 2006, Ledesma obtained a loan secured by a deed of trust on real property located in West Hollywood. The deed of trust identifies Countrywide Bank, N.A. (Countrywide) as lender, ReconTrust as trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary. Ledesma defaulted on the loan in 2008. In September 2009, ReconTrust recorded a notice of default. In November 2009, MERS recorded an assignment of the deed of trust to BNYM as trustee for the CWALT Trust. The assignment was dated September 14, 2009. A further corrective assignment was recorded in 2013. ReconTrust recorded notices of trustee's sale in 2010, 2011, and 2013, but the parties represent that no foreclosure sale has taken place.

In September 2013, Ledesma filed a complaint for declaratory relief, wrongful foreclosure, quiet title and cancelation of instruments. He alleged that the transfer of the loan to BNYM as trustee for the CWALT Trust was subject to a pooling and servicing agreement, according to which the cutoff date for placing loans in the securitized trust was January 1, 2007 and the trust's closing date was February 15, 2007. Because the recorded assignments were dated after those dates, Ledesma argued they are void under governing New York law.

In January 2015, petitioners moved for summary judgment. They argued that Ledesma lacked standing to challenge the securitization of his loan, and submitted a declaration by Justin Bradley, a representative of BNYM's attorney in fact, stating that the loan had been assigned to BNYM on or before February 14, 2007. The trial court

2

denied the motion. It followed *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*) in concluding that Ledesma had standing to challenge the assignment of his loan as void. The court sustained Ledesma's objection to Bradley's statement as to the 2007 assignment as lacking foundation and concluded that the date on the recorded assignment raised an issue of fact regarding its timeliness.

## DISCUSSION

We determine de novo whether a moving party is entitled to summary judgment as a matter of law. (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.)

Securitization occurs when "a mortgage lender sells pools of mortgages into trusts created to receive the stream of interest and principal payments from the mortgage borrowers. The right to receive trust income is parceled into certificates and sold to investors, called certificateholders. The trustee hires a mortgage servicer to administer the mortgages by enforcing the mortgage terms and administering the payments. The terms of the securitization trusts as well as the rights, duties, and obligations of the trustee, seller, and servicer are set forth in a Pooling and Servicing Agreement ('PSA')." (*BlackRock Financial Management Inc. v. Segregated Account of Ambac Assur. Corp.* (2d Cir. 2012) 673 F.3d 169, 173.) If it complies with certain requirements set in the Internal Revenue Code, the securitization trust qualifies as a tax-exempt real estate mortgage investment conduit (REMIC). (26 U.S.C. §§ 860A-G.)

Ledesma proceeds on the theory that the assignment of his loan to the CWALT Trust after the trust's closing date is void because it affects the trust's REMIC status, and therefore BNYM as trustee for the trust has no right to foreclose. He relies on *Glaski*, *supra*, 218 Cal.App.4th 1079, the only California case supporting that theory.[1]

---

[1] *Glaski*, *supra*, 218 Cal.App.4th 1079 has been criticized in other cases (see *Kan v. Guild Mortgage Company* (2014) 230 Cal.App.4th 736, 744 (*Kan*)), and the California Supreme Court has granted review in several cases that have disagreed with it. (See *Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, review granted

*Glaski*, *supra*, 218 Cal.App.4th 1079 is distinguishable because it is a wrongful foreclosure case. The consensus in California is that "a preforeclosure, preemptive action is not authorized by the nonjudicial foreclosure statutes because it creates an additional requirement that a foreclosing entity first demonstrate in court that it is entitled to foreclose." (*Kan*, *supra*, 230 Cal.App.4th at p. 743, citing *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 512–513.) Ledesma relies on the Homeowners Bill of Rights, which in 2012 amended Civil Code section 2924 to provide in relevant part that "[n]o entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." (Civ. Code, § 2924, subd. (a)(6).) But nothing in that provision gives a borrower the right to preemptively challenge the foreclosing entity's beneficiary status; nor does a violation of section 2924 give a borrower a right to enjoin a trustee's sale under Civil Code sections 2924.12 and 2924.19, which allow temporary injunctions for violations of specified provisions.

Even assuming that a preforeclosure action such as this one is authorized, the reasoning of *Glaski*, *supra*, 218 Cal.App.4th 1079 has been discredited. *Glaski* held that a borrower has standing to challenge the assignment of a loan to a securitized trust in violation of a PSA to which the borrower is neither a party nor a beneficiary because, under governing New York law, an assignment after the closing date of the trust is void. (*Id*. at pp. 1094–1096.) Its holding followed *Wells Fargo Bank, N.A. v. Erobobo* (2013) 39 Misc.3d 1220(A) (*Erobobo I*), which stated: "'Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. EPTL § 7–2.4. Therefore, the acceptance of the note and mortgage by the trustee after the date

Aug. 27, 2014, S218973; *Keshtgar v. U.S. Bank, N.A.* (2014) 226 Cal.App.4th 1201, review granted Oct. 1, 2014, S220012; *Mendoza v. JPMorgan Chase Bank, N.A.* (2014) 228 Cal.App.4th 1020, review granted Nov. 12, 2014, S220675; *Boyce v. T.D. Service Co.* (2015) 235 Cal.App.4th 429, review granted July 15, 2015, S226267.)

the trust closed, would be void.  [Citations.]'"  (*Glaski*, at p. 1097.)  *Erobobo I* has since been reversed.  (*Wells Fargo Bank, N.A. v. Erobobo* (2015) 127 A.D.3d 1176 (*Erobobo II*).)  In reversing *Erobobo I*, the Appellate Division of the Supreme Court of New York held that a borrower whose loan was assigned to a securitized trust has no standing to challenge the assignee's status "based on purported noncompliance with certain provisions of the PSA."  (*Erobobo II*, at p. 1178, citing *Rajamin v. Deutsche Bank Nat'l. Trust Co.* (2d Cir. 2014) 757 F.3d 79, 90 (*Rajamin*) [holding that, under weight of New York authority, assignments in contravention of PSA are voidable at the trust beneficiary's election, not void *ab initio*].)

 *Glaski*, *supra*, 218 Cal.App.4th 1079 also reasoned that treating the attempted assignment as void rather than voidable "is justified because it protects the [trust] beneficiaries . . . from the potential adverse tax consequence of the trust losing its status as a REMIC trust under the Internal Revenue Code."  (*Id*. at p. 1097.)  It is doubtful that a borrower's challenge to the securitization process protects the trust beneficiaries, whose interests are adverse to those of the borrower.  (*Rajamin*, *supra*, 757 F.3d at p. 90; see also *Bank of America Nat. Assn. v. Bassman FBT, L.L.C.* (Ill. App. 2012) 981 N.E.2d 1, 13 ["New York legislature could [not] have intended to allow a debtor in a commercial transaction to invoke the provisions of a trust to which it is a stranger in order to frustrate the collection of the debt"].)

 Whether or not improper securitization invalidates the trust's tax-free status, federal district courts have concluded that it does not give rise to a private right of action by the borrower under the Internal Revenue Code.  (See, e.g., *Martin v. Litton Loan Servicing LP* (E.D.Cal., Mar. 12, 2014, No. 2:12-cv-970-MCE-EFB PS), 2014 WL 977507, at \*11; *Kloss v. RBS Citizens, N.A.* (E.D.Mich., 2014), 996 F.Supp.2d 574; *Oliver v. Delta Fin. Liquidating Trust* (D.Or., Aug. 27, 2012, No. 6:12-cv-00869-AA), 2012 WL 3704954, at \*2, fn. 8; *Obal v. Deutsche Bank Nat'l. Trust Co.* (S.D.N.Y., Feb. 13, 2015, No. 14 Civ. 2463), 2015 WL 631404, at \*4, reconsideration denied *sub*

*nom.*, *Obal v. Deutsche Bank Nat'l. Trust Co.* (S.D.N.Y. June 25, 2015, No. 14 Civ. 2463), 2015 WL 3999455.)[2]

Ledesma's additional arguments—that a borrower need not show tender or prejudice—are premised on the assumption that improper securitization renders an assignment void under *Glaski*, *supra*, 218 Cal.App.4th 1079. Since we reject that assumption, we do not consider those arguments. Nor do we consider Ledesma's evidentiary objections to petitioners' documentary evidence regarding the timeliness of the assignment or his claim that respondents did not comply with a discovery order. Irrespective of when Ledesma's loan was assigned to the CWALT Trust, the assignment is not void under New York law and Ledesma lacks standing to challenge it. Petitioners are, therefore, entitled to summary judgment as a matter of law.

## DISPOSITION

The petition is granted. The trial court is directed to vacate its order denying petitioners' motion for summary judgment and to enter a new order granting the motion. Petitioners are entitled to their costs in this writ proceeding.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.                     MANELLA, J.

---

[2] Unpublished federal cases may be cited as persuasive authority. (*Aleman v. AirTouch Cellular* (2012) 209 Cal.App.4th 556, 576, fn. 8.)