Filed 4/28/16  Mendoza v. HSBC Bank USA, Nat. Assn. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| FIDEL MENDOZA, | |
| Plaintiff and Appellant, | G050953 |
| v. | (Super. Ct. No. 30-2014-00714317) |
| HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee, etc. | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert D. Monarch, Judge.  Affirmed.

Law Office of Joseph De Clue, Joseph De Clue and Stephen F. Lopez for Plaintiff and Appellant.

Green & Hall, Howard D. Hall and Kevin S. Kim for Defendant and Respondent.

\*          \*          \*

Plaintiff Fidel Mendoza defaulted on a loan secured by a promissory note and deed of trust (DOT) on residential property (property). Following several assignments of the DOT, the last one being to defendant HSBC Bank USA, National Association, as Trustee for Holders of BCAP LLC Trust 2006-AA2 (subject trust), the property was foreclosed on and sold at a trustee's sale to defendant. Plaintiff filed a complaint for declaratory relief, wrongful foreclosure, quiet title, and cancellation of instruments, alleging the foreclosure sale was void because the assignment of the DOT to defendant was illegal.

The trial court sustained defendant's demurrer to the complaint without leave to amend. Relying on this court's opinion in *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515 (*Jenkins*), subsequently disapproved by *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924 (*Yvanova*), the court found plaintiff did not have standing to challenge the foreclosure based on transactions to which he was not a party and had failed to allege how he was prejudiced by the claimed defect in the loan transfer.

Plaintiff contends this was error because under the laws governing Real Estate Mortgage Investment Conduit (REMIC) trusts, the loan here was untimely placed into the subject trust (based on the dates set forth in the trust's Pooling and Servicing Agreement (PSA)), making the loan's assignment to defendant invalid and the foreclosure sale void. He also argues he was not required to tender to defendant the amounts claimed due under the promissory note, as required in order to bring a wrongful foreclosure claim, because "as illustrated by the decision in *Glaski v. Bank of America*[ (2013) 218 Cal.App.4th 1079, 1100 (*Glaski*)], "'[t]ender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property.'" Lastly, plaintiff asserts the court erroneously relied on *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th

2

256 (*Fontenot*), subsequently disapproved by *Yvanova, supra*, 62 Cal.4th at p. 924. According to plaintiff, *Fontenot* "only restate[s] the rule that requires a showing of prejudice when a sale is voidable . . . not void as a matter of law."

On February 18, 2016, the California Supreme Court in *Yvanova, supra*, 62 Cal.4th at p. 924 held "that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." It disapproved *Jenkins* and *Fontenot*, as well as other similar cases "to the extent they held borrowers lack standing to challenge an assignment of the deed of trust as void." (*Yvanova,* at p. 939, fn. 13.) According to *Yvanova,* "*Jenkins*'s rule may hold as to claimed defects that would make the assignment merely voidable, but not as to alleged defects rendering the assignment absolutely void." (*Id*. at p. 939, fn. omitted.) As for prejudice, *Yvanova* stated it was "concerned only with prejudice in the sense of an injury sufficiently concrete and personal to provide standing, not with prejudice as a possible element of the wrongful foreclosure tort." (*Id*. at p. 937.)

On March 18, 2016, plaintiff's counsel filed a letter brief bringing *Yvanova* to our attention. On March 22, we filed an order directing the parties to be prepared to discuss *Yvanova* and the recent case of *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808 (*Saterbak*) during oral argument.

We conclude that as a matter of law plaintiff did not have standing to challenge or to bring this action because the assignment was merely voidable, not void. Given that, we need not address plaintiff's remaining claims regarding his failures to tender or allege prejudice. The judge is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

In October 2006, plaintiff obtained from Countrywide Bank N.A. (Countrywide) a $624,000 loan (loan), secured by a promissory note and a DOT on residential property owned by plaintiff. The DOT was executed by plaintiff, recorded in the county clerk-recorder's office, and named Countrywide as the lender, ReconTrust Company, N.A. (ReconTrust) as its trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as its beneficiary, acting solely as the nominee for Countrywide.

In the DOT, plaintiff "irrevocably grant[ed] and convey[ed]" to the trustee the "power of sale" of the property and agreed MERS "has the right: to exercise any or all of [Countrywide's] interests, including, but not limited to, the right to foreclose and sell the [p]roperty." Plaintiff also agreed "[t]he [n]ote or a partial interest in the [n]ote (together with this [DOT]) can be sold one or more times without prior notice to [plaintiff]."

After plaintiff defaulted on the loan, MERS assigned the DOT to defendant. The assignment was recorded in late December 2009, as was a Notice of Default and Election to Sell.

In February 2012, defendant assigned the DOT to Bank of America, N.A. Successor by Merger to BAC Home Loan Servicing LP, FKA Countrywide Home Loans Servicing LP. (BANA); the assignment was recorded. BANA then assigned the DOT back to defendant on June 14, 2013, and the assignment was recorded on June 25. This is the assignment plaintiff claims is void.

The following month, ReconTrust recorded a Notice of Trustee's Sale of the property to defendant. Plaintiff refused to surrender the premises, requiring defendant to file an unlawful detainer action.

4

DISCUSSION

## 1. *Standard of Review*

"'On appeal from a judgment of dismissal entered after a demurrer has been sustained, this court reviews the complaint de novo to determine whether it states a cause of action. [Citation.] We assume the truth of all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.' [Citation.] We may consider matters that are properly judicially noticed. [Citation.] [¶] 'If the trial court has sustained the demurrer, we determine whether the complaint states facts sufficient to state a cause of action. If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect.'" (*Saterbak, supra*, 245 Cal.App.4th at p. 813.)

## 2. *Plaintiff's Lack of Standing*

Standing must be established in order for there to be a justiciable controversy. (*Saterbak, supra*, 245 Cal.App.4th at p. 813.) Plaintiff, "[a]s the party seeking to cancel the assignment through this action," bears the burden of establishing he has standing to bring the action, i.e, he "'must be able to demonstrate that . . . [he] has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical.'" (*Id.* at pp. 813-814.) He failed to do so.

In *Saterbak*, as here, the central issue was whether a borrower "has standing to challenge the assignment of the DOT on grounds that it does not comply with the PSA [between the trustee and the holders of the 2007-AR Trust] for the securitized

5

instrument." (*Saterbak, supra*, 245 Cal.App.4th at p. 813.)  *Saterbak* affirmed the trial court's order sustaining the defendant's demurrer to the plaintiff's first amended complaint without leave to amend.  It did so on the ground the plaintiff there "lack[ed] standing to pursue [the] theory" that "the DOT was assigned to the 2007-AR7 trust in an untimely manner under the PSA."  (*Id*. at p. 814.)  This is the same argument plaintiff makes in this case.

Although *Saterbak* acknowledged *Yvanova*'s recent holding "that a borrower has standing to sue for wrongful foreclosure where an alleged defect in the assignment renders the assignment void," part of *Saterbak*'s rationale was that "*Yvanova* recognize[d] borrower standing only where the defect in the assignment renders the assignment *void*, rather than *voidable*.  [Citation.]  'Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire.'  [Citation.] *Yvanova* expressly offers no opinion as to whether, under New York law, an untimely assignment to a securitized trust made after the trust's closing date is void or merely voidable.  [Citation.]  We conclude such an assignment is merely voidable.  See *Rajamin v. Deutsche Bank Nat'l Trust Co*. (2d Cir. 2014) 757 F.3d 79, 88-89 ['the weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the PSAs rendered defendants' acquisition of plaintiffs' loans and mortgages void as a matter of trust law'; 'an unauthorized act by the trustee is not void but merely voidable by the beneficiary'].)  Consequently, Saterbak lacks standing to challenge alleged defects in the MERS assignment of the DOT to the 2007-AR7 trust."  (*Saterbak, supra*, 246 Cal.App.4th at p. 815.)

In so holding, *Saterbak* distinguished *Glaski, supra*, 218 Cal.App.4th 1079, on which plaintiff here relies, noting "the New York case upon which *Glaski* relied has been overturned.  (*Wells Fargo Bank, N.A. v. Erobobo* (N.Y.App.Div. 2015) 127 A.D.3d 1176, 1178, [9 N.Y.S.3d 312]; see *Rajamin, supra*, 757 F.3d at p. 90 [rejecting *Glaski*'s

6

interpretation of New York law].)  We decline to follow *Glaski* and conclude the alleged defects here merely render the assignment voidable." (*Saterbak, supra*, 246 Cal.App.4th at p. 815, fn. 5.)

*Saterbak* is persuasive and we adopt its reasoning.  The assignment of the DOT to defendant, as trustee of the BCAP LLC Trust 2006-AA2, was voidable, not void. As plaintiff acknowledges, "where the act is voidable, the trustee and beneficiary must make a choice to enforce the trust agreement and may choose not to do so [or to do so] and for this reason the plaintiff in a case challenging the right to foreclose based upon a voidable assignment cannot step in an[d] enforce the agreement," or as in this case, invalidate it.  Because any defects in the assignment were voidable rather than void, plaintiff does not have standing as a matter of law to challenge the assignment of the DOT to defendant.

*3.  Leave to Amend*

Plaintiff claims he "has and can plead the elements of an action . . . for wrongful foreclosure[, to] quiet title[,] and [for] cancellation of instruments."  But the question here is his lack of standing.  On this issue, plaintiff has not "demonstrated a reasonable probability that [he] could cure [this] defect[]." (*Saterbak, supra*, 246 Cal.App.4th at p. 820.)

Nor can plaintiff demonstrate he could cure the defect in the assignment of the DOT to defendant being voidable, rather than void, because that is a question of law for the court to decide.  Thus, the fact plaintiff alleged the assignment was void is of no moment, as we do not "'assume the truth of . . .  conclusions of . . . law.'" (*Saterbak, supra*, 246 Cal.App.4th at p. 813.)

7

DISPOSITION

The judgment is affirmed. Defendant shall recover its costs on appeal.


                              RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.

8