NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1667-15T3

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR SASCO MORTGAGE
LOAN TRUST 2006-WF3,

 Plaintiff-Respondent,

v.

KARIN POLHEMUS, HER HEIRS,
DEVISES AND PERSONAL
REPRESENTATIVE AND HIS/HER
THEIR, OR ANY OF THEIR
SUCCESSORS IN RIGHT, TITLE
AND INTEREST, MR. POLHEMUS,
HUSBAND OF KARIN POLHEMUS,

 Defendant-Appellant.
______________________________

 Submitted February 15, 2017 – Decided June 16, 2017

 Before Judges Simonelli and Carroll.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Passaic County,
 Docket No. F-010769-14.

 Joseph A. Chang & Associates, LLC, attorneys
 for appellant (Joseph A. Chang, of counsel and
 on the brief; Jeffrey Zajac, on the brief).

 Reed Smith LLP, attorneys for respondent
 (Henry F. Reichner, of counsel and on the
 brief).
PER CURIAM

 In this foreclosure matter, defendant Karin Polhemus appeals

from the June 30, 2015 Chancery Division order, which granted

summary judgment to plaintiff U.S. Bank National Association, and

from the November 5, 2015 final judgment. For the following

reasons, we affirm.

 I.

 We derive the following facts from evidence submitted by the

parties in support of, and in opposition to, the summary judgment

motion, viewed in the light most favorable to the non-moving party.

Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013)

(citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)).

 On May 24, 2006, defendant executed a note to American

Financial Resources, Inc. (AFR) in the amount of $210,000. To

secure payment of the note, defendant executed a mortgage to

Mortgage Electronic Registration Systems, Inc. (MERS), as nominee

for AFR, on her property located in Bloomingdale. On May 24,

2006, AFR executed an allonge to the note making it payable to

Wells Fargo Bank, N.A. (Wells Fargo). On June 7, 2006, the

mortgage was recorded with the Clerk of Passaic County.

 On June 14, 2006, Wells Fargo acquired the loan by purchase,

took possession of the original note, and began servicing the

loan. Wells Fargo thereafter indorsed the note in blank.

 2 A-1667-15T3
 On September 1, 2006, Structured Asset Securities Corporation

(as Depositor), plaintiff (as Trustee), Wells Fargo (as Securities

Administrator, Servicer, Originator, and Trustee Document

Custodian), and Aurora Loan Services LLC (as Master Servicer),

entered into a pooling and servicing trust agreement governing

Structured Asset Securities Corporation Mortgage Pass-Through

Certificates Series 2006-WF3 (the PSA). The PSA provided for the

formation of the relevant Trust, the conveyance of a pool of

mortgages to plaintiff as Trustee, the issuance of mortgage-backed

securities representing interests in the pooled loans, and the

servicing of the pooled loans by Wells Fargo. The PSA had a cut-

off date of September 1, 2006, but permitted mortgage loans to be

added to the pool of loans backing the certificates issued by the

Trust for a two-year period following the cut-off date, or by

September 1, 2008.

 Defendant defaulted on January 1, 2008. On March 26, 2008,

MERS, as nominee for AFR, executed an assignment of mortgage,

which assigned the mortgage to plaintiff as Trustee for Structured

Asset Securities Corporation Trust 2006-WF3. On November 7, 2008,

the assignment was recorded with the Clerk of Passaic County.

 On June 14, 2012, MERS, as nominee for AFR, executed a second

assignment of mortgage, which assigned the mortgage to plaintiff

as Trustee for SASCO Mortgage Loan Trust 2006-WF3. The only change

 3 A-1667-15T3
between this assignment and the first assignment was the shortening

of Structured Asset Securities Corporation to SASCO. The reason

for the second assignment was so that the name of the assignee

would match that of the plaintiff ultimately filing the foreclosure

action against defendant. On June 15, 2012, the second assignment

was recorded with the Clerk of Passaic County.

 An authorized representative from Wells Fargo confirmed in a

supplemental certification with supporting documents that as of

December 11, 2013, Wells Fargo, as Trustee Document Custodian

under the PSA, held possession of the original note as plaintiff's

agent. On January 3, 2014, Wells Fargo, as servicer of the loan,

sent defendant a notice of intent to foreclose (NOI). The NOI

identified the lender as plaintiff as Trustee for SASCO Mortgage

Loan Trust 2006-WF3. On September 8, 2014, Wells Fargo transferred

the original note to plaintiff's attorney for purposes of

litigation.

 On March 21, 2014, plaintiff, as Trustee for SASCO Mortgage

Loan Trust 2006-WF3, filed a complaint for foreclosure against

defendant. Defendant filed an answer. Both parties filed motions

for summary judgment. Defendant did not dispute that she signed

the note and mortgage and was in default. Rather, she argued that

plaintiff lacked standing to foreclose because it did not own the

note and mortgage prior to filing the complaint. Defendant

 4 A-1667-15T3
challenged plaintiff's ownership of her loan, asserting that

plaintiff failed to comply with the terms of the PSA because the

mortgage was not timely assigned by the cut-off date of September

1, 2006. Plaintiff countered that defendant lacked standing to

raise this challenge.

 In a June 30, 2015 written opinion, the trial court relied

on HSBC Bank USA v. Gomez, A-4194-11 (App. Div. Jan. 10, 2013),

to find that defendant lacked standing to challenge plaintiff's

ownership of the mortgage based on alleged noncompliance with the

terms of the PSA. The court also found that plaintiff, as Trustee

for SASCO Mortgage Loan Trust 2006-WF3, had a prima facie right

to foreclose because: (1) defendant executed the note and mortgage

on May 24, 2006, and was in default; (2) the mortgage was validly

assigned to plaintiff prior to filing the complaint; and (3)

plaintiff was the holder of the note and mortgage. The court

entered an order on June 30, 2015, granting summary judgment to

plaintiff, striking defendant's answer, and referring the matter

to the Office of Foreclosure. On November 5, 2015, the court

entered final judgment. This appeal followed.

 Our review of a ruling on summary judgment is de novo,

applying the same legal standard as the trial court. Templo Fuente

De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199

(2016) (citation omitted). Thus, we consider, as the trial judge

 5 A-1667-15T3
did, "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." Liberty Surplus Ins.

Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting

Brill, supra, 142 N.J. at 536). Summary judgment must be granted

if "the pleadings, depositions, answers to interrogatories and

admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact challenged

and that the moving party is entitled to a judgment or order as a

matter of law." Templo Fuente, supra, 224 N.J. at 199 (quoting

R. 4:46-2(c)). If there is no genuine issue of material fact, we

must then "decide whether the trial court correctly interpreted

the law." Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494

(App. Div. 2007), certif. denied, 195 N.J. 419 (2008). We review

issues of law de novo and accord no deference to the trial judge's

conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463,

478 (2013). Applying these standards, we discern no reason to

reverse the grant of summary judgment and entry of final judgment.

 II.

 Defendant contends that the court erred in holding she

lacked standing to challenge plaintiff's ownership of the mortgage

 6 A-1667-15T3
based on alleged noncompliance with the terms of the PSA.1 Relying

on Bank of N.Y. v. Ukpe, A-2209-11 (App. Div. Aug. 20, 2014), and

Yvanova v. New Century Mortg. Corp., 365 P.3d 845 (Cal. 2016),

plaintiff argues that she had standing to assert a violation of

the PSA and is a valid third-party beneficiary of the PSA.

However, unpublished opinions, such as Upke, do not constitute

precedent and are not binding on us, Trinity Cemetery Ass'n v.

Twp. of Wall, 170 N.J. 39, 48 (2001); R. 1:36-3, and we are not

bound by opinions from other jurisdictions.2 See Lipkowitz v.

Hamilton Surgery Ctr., LLC, 415 N.J. Super. 29, 36 (App. Div.

2010); Young v. Prudential Ins. Co. of Am., 297 N.J. Super. 605,

622 (App. Div.), certif. denied, 149 N.J. 408 (1997).

 Nevertheless, neither Upke nor Yvanova support defendant's

position. In Upke, we did not discuss whether a borrower may

challenge compliance with a PSA, let alone hold or even suggest

that a borrower has standing to do so. In Yvanova the Supreme

Court of California merely held that a borrower who suffered a

non-judicial foreclosure could sue for wrongful foreclosure when

1
 We decline to address defendant's public policy argument that
banks and lending institutes developed a complex securitization
scheme behind which they should not be permitted to "hide."
2
 Defendant also relies on opinions from other jurisdictions to
argue that recent trends in those jurisdictions provide strong
support for her position. However, as we have stated, we are not
bound by opinions from other jurisdictions.

 7 A-1667-15T3
an assignment is void, as opposed to voidable. Yvanova, supra,

365 P.3d at 848. The Supreme Court of California repeatedly

stressed it was expressing no opinion on whether a mortgage

assignment made after the closing date of a New York securitized

trust was void or voidable. Id. at 853.

 That being said, the PSA is governed by New York law. Under

New York law, a person not a party to a PSA or specifically

included in the PSA as a third-party beneficiary, such as defendant

here, lacks standing to challenge any alleged violation of a PSA.

Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 88 (2d Cir.

2014); see also Wells Fargo Bank, N.A. v. Erobobo, 127 A.D.3d

1176, 1178 (N.Y. App. Div. 2015) (holding that "a mortgagor whose

loan is owned by a trust, does not have standing to challenge the

plaintiff's possession or status as assignee of the note and

mortgage based on purported noncompliance with certain provisions

of the PSA"); Bank of N.Y. Mellon v. Gales, 116 A.D.3d 723, 725

(N.Y. App. Div. 2014) (finding the mortgagor "did not have standing

to assert noncompliance with the subject lender's [PSA]"); In re

Richmond, 534 B.R. 479, 491 (Bankr. E.D.N.Y. 2015) (noting "[i]t

is well established that a non-party to a [PSA] lacks standing to

assert non-compliance with the terms of that agreement as a defense

to enforcement of a note and mortgage by a trust"); In re Estate

of McManus, 390 N.E.2d 773, 774 (N.Y. 1979) (holding that those

 8 A-1667-15T3
not beneficially interested in a trust "lack standing to challenge

the actions of its trustee"). See also Restatement (Third) of

Trusts § 94(1) (2012) ("A suit against a trustee of a private

trust to enjoin or redress a breach of the trust or otherwise to

enforce the trust may be maintained only by a beneficiary or a co-

trustee, successor trustee, or other person acting on behalf of

one or more beneficiaries"). Thus, regardless of whether the

mortgage assignments complied with the PSA in this case, defendant

lacked standing to advance such a challenge.

 In any event, there was no violation of the PSA. The PSA

permitted mortgage loans to be added to the pool of loans backing

the certificates issued by the Trust for a two-year period

following the cut-off date, or by September 1, 2008. On March 26,

2008, MERS, as nominee for AFR, assigned the mortgage to plaintiff

as Trustee. Thus, the assignment complied with the terms of the

PSA.

 III.

 Defendant contends that the court erred in holding that

plaintiff proved it possessed the note and mortgage. We disagree.

 Under the Uniform Commercial Code (UCC), a "'[p]erson

entitled to enforce' an instrument" includes a holder of the

instrument and such a person is "entitled to enforce the instrument

even though the person is not the owner of the instrument[.]"

 9 A-1667-15T3
N.J.S.A. 12A:3-301. See also N.J.S.A. 12A:3-302 (defining "holder

in due course"). That is, under the UCC, the enforcing party must

be a holder or non-holder in possession of the rights of the

holder. The UCC does not specify that physical possession is

necessary for a holder to enforce an instrument and courts

recognize that delivery of the instrument to an agent of the owner

can constitute constructive delivery or possession. N.J.S.A.

12A:3-301; Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 331,

339 (Ch. Div. 2010) (citations omitted). Under New York law,

"constructive delivery may be accomplished through the vehicle of

an agent." Corporacion Venezolana de Foments v. Vintero Sales

Corp., 452 F. Supp. 1108, 1117 (S.D.N.Y. 1978).

 "As a general proposition, a party seeking to foreclose a

mortgage must own or control the underlying debt." Deutsche Bank

Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div.

2011) (citations omitted). "[E]ither possession of the note or

an assignment of the mortgage that predated the original complaint

confer[s] standing." Deutsche Bank Trust Co. Americas v. Angeles,

428 N.J. Super. 315, 318 (App. Div. 2012) (citing Mitchell, supra,

422 N.J. Super. at 225). Consistent with this principle, "there

can be constructive delivery or possession, through the delivery

of the instrument to an agent of the owner" and "the actual

delivery of the notes to [the trust's] custodian, would presumably

 10 A-1667-15T3
constitute constructive delivery to the [trustee]." Raftogianis,

supra, 418 N.J. Super. at 331, 339.

 The evidence in this case clearly established that plaintiff

had standing when it filed the foreclosure complaint. Plaintiff

had constructive possession of the original note through its agent,

Wells Fargo, as well as a valid assignment of the mortgage that

pre-dated the complaint. Defendant's argument that the evidence

was insufficient to prove plaintiff's possession of the note and

mortgage lacks sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 11 A-1667-15T3