**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

FRANCES RYAN, by and through her
Guardian ad Litem, Geraldine Ryan,

       Plaintiff-Appellant,

v.

NATIONSTAR MORTGAGE, LLC,

       Defendant-Appellee.

</td><td>

No.   15-15442

D.C. No.
2:14-cv-02067-GEB-DAD

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and GARBIS,[**] District Judge.

    Appellant Frances Ryan, through her guardian ad litem Geraldine Ryan,

appeals the district court's dismissal of her declaratory judgment action against

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

Appellee Nationstar Mortgage, LLC ("Nationstar"), the loan servicer for a $500,000 note secured by a deed of trust ("DOT") on Ryan's home. We affirm.

Under California law, a borrower cannot bring an action challenging the assignment of a loan or DOT from one lender or loan-servicer to another unless that assignment was void *ab initio. See Turner v. Wells Fargo Bank N.A.*, No. 15-60046, 2017 WL 2587981 at *3 (9th Cir. June 15, 2017) (citing *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 935 (2016)). Ryan alleged that the August 2011 assignment of the DOT on her home to a securitized trust ("Trust") was void under the New York law because it violated provisions of the Internal Revenue Code that govern the Trust's tax-preferred status as a Real Estate Mortgage Investment Conduit ("REMIC"). *See* 26 U.S.C. §§ 860A–860G; N.Y. Est. Powers & Trusts Law ("EPTL") § 7–2.4 (McKinney).

1. Citing *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079, 1097 (2013), Ryan first contends that the late assignment of the DOT was void *ab initio* because it contravened the Trust's central purpose, namely, its tax-favored REMIC status.[1] This court has emphasized that "the weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the

[1] Ryan does not allege where this purpose is defined, but because the Trust is an express trust, we assume the purpose is included in, or otherwise emanates from, the Trust's governing document. *See generally, e.g.*, *Mohonk Tr. v. Bd. of Assessors*, 392 N.E.2d 876 (N.Y. 1979).

2

[trust's governing document] rendered the defendants' acquisition of plaintiffs' loans and mortgages void as a matter of [New York] trust law." *Turner*, 2017 WL 2587981 at *3 (alteration omitted) (quoting *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016), and *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 88–89 (2d Cir. 2014); *see also Wells Fargo Bank, N.A. v. Erobobo*, 9 N.Y.S.3d 312, 314 (App. Div. 2015)).

Ryan points to no New York case law to distinguish her purpose argument from the general New York rule predicted by the Second Circuit in *Rajamin* and adopted by this court in *Turner*. She instead insists that *Rajamin* "failed to account for numerous New York decisions that construed [EPTL] § 7–2.4 literally." Although *Turner* did not explicitly discuss EPTL § 7–2.4, it made clear that New York courts have rejected "*Glaski*'s interpretation of New York law" and the literal reading of the New York statute that Ryan proposes here. *Turner*, 2017 WL 2587981 at *3; *see also Glaski*, 218 Cal. App. 4th at 1096–97 (relying solely on a "literal interpretation" of EPTL § 7–2.4, as given in *Wells Fargo Bank, N.A. v. Erobobo*, 39 Misc. 3d 1220(A) at *8 (N.Y. Sup. Ct. Apr. 29, 2013), *rev'd*, 9 N.Y.S.3d 312, 314 (App. Div. 2015)). Thus, assuming, without deciding, that the trustee's acceptance of the late-assigned DOT on Ryan's home contravened the

3

Trust's overall purpose, that assignment was nevertheless voidable by the Trust's beneficiaries but not void *ab initio* under New York law.

2. Ryan additionally maintains that the late assignment of her DOT to the Trust was void because it contravened the federal tax code. Because her argument is based on the alleged illegality of a trustee's act under governing law defined *outside* the terms of the Trust, Ryan asserts, it is not foreclosed by the holdings in *Turner*, 2017 WL 2587981 at \*2–3, or *Rajamin*, 757 F.3d at 87, which both concluded that assignments made in contravention of terms contained *within* a trust's governing document were not void *ab initio* under New York law. We assume, without deciding, that Ryan's argument is distinct and that, as Ryan maintains, New York law does not allow beneficiaries to ratify a trustee's acts in violation of positive law or public policy, *see Moss v. Cohen*, 53 N.E. 8, 10 (N.Y. 1899). So assuming, Ryan nonetheless fails to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

The Internal Revenue Code neither makes the late assignment of the DOT to the Trust illegal nor renders it void. Rather, the receipt of income from the late-transferred asset may be a "prohibited transaction" subject to a 100% tax penalty. 26 U.S.C. § 860F(a). If the late transfer of the DOT unnecessarily exposed the asset to a 100% tax penalty on income generated from the asset, the trustee might

4

be liable to the Trust's beneficiaries for wasting or mismanaging the Trust's property. *See In re Hubbell's Will*, 97 N.E.2d 888, 892 (N.Y. 1951). But because such waste or mismanagement affects only the Trust beneficiaries and does not directly contravene any positive law or offend public policy, the late assignment of the DOT was not void *ab initio* based on the application of the REMIC provisions. *See Moss*, 53 N.E. at 10. Similarly, even if the transaction led to a complete loss of the Trust's tax-favored REMIC status,[2] that loss would be incurred by the beneficiaries of the Trust, not the public at large, and so does not offend public policy.[3]

**AFFIRMED.**

---

[2] Contrary to her assertion, Ryan's allegations, taken as true, fail to establish that the transaction would have that effect. Although substantially all the assets held by a REMIC must be qualified mortgages or other permitted assets, *see* 26 U.S.C. §§ 860D(a)(4), 860G(d), a trust may retain REMIC status even if it holds some non-permitted assets, as long as those assets do not exceed a de minimis amount. 26 C.F.R. § 1.860D–1(b)(3). Additionally, even if a trust has more than a de minimis amount of non-permitted assets, the IRS will continue to treat the trust as a REMIC if the trust takes certain prescribed steps to remedy the inadvertent loss of its REMIC qualifications. 26 U.S.C. § 860D(b)(2).

[3] Ryan briefly asserts, for the first time in her reply brief, that the Trust has committed tax fraud since its inception. Although such an argument might implicate public policy, we decline to review Ryan's argument, because "arguments not raised by a party in its opening brief are deemed waived," *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999), and none of the exceptions to that general rule apply here. *See Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003).