**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY A. LEWIS, | No. 17-15915 |
| Plaintiff-Appellant, | D.C. No. 4:16-CV-05490-JSW |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR J.P. MORGAN MORTGAGE TRUST 2005-A7, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 16, 2018[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,[***] District Judge.

Roy A. Lewis appeals the district court's dismissal with prejudice of his complaint for failure to state a claim.  We review the dismissal *de novo*, *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008), and the court's denial of leave to amend for abuse of discretion, *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002).  We affirm.

Lewis obtained a home loan from Wells Fargo in 2002, secured by a deed of trust on his property.  Wells Fargo assigned that deed to U.S. Bank National Association, as trustee for a mortgage-backed security trust, on two separate occasions.  Lewis alleged that the assignments were void because they violated the mortgage trust's pooling and servicing agreement and lacked an indorsement.  He also asserted state-law claims that depended on his challenges to the assignments' validity.  The district court dismissed the complaint, with prejudice and without leave to amend, for failure to state a plausible claim that the assignments were invalid because, under California law, Lewis lacked standing to raise that claim, and for failure to plead sufficient allegations to state a plausible breach-of-contract claim.

---

[***]    The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Under California law, a plaintiff has standing to claim a nonjudicial foreclosure sale was wrongful only if the foreclosing party received its interest in the deed through a void, not merely voidable, assignment. *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 942–43 (2016).[1] California and New York[2] courts have held that noncompliance with a pooling and servicing agreement makes an assignment voidable, not void.[3] Lewis lacks standing to challenge the assignments because, at most, his challenges would make them voidable.[4] Because Lewis cannot proceed with his challenges to the assignments, he also cannot

---

[1] In *Yvanova*, the court did not answer whether "a borrower may bring an action for injunctive or declaratory relief to prevent a foreclosure sale from going forward." 62 Cal. 4th at 934. *In re Turner* applied the *Yvanova* standard to borrowers who sought to prevent a foreclosure by challenging an assignment, answering the question left open in *Yvanova*. 859 F.3d 1145, 1147–49 (9th Cir. 2017).

[2] The district court properly applied New York law because the pooling and servicing agreement selected New York law as governing.

[3] *See Turner*, 859 F.3d at 1149–50; *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 88–89 (2d Cir. 2014); *Mendoza v. JPMorgan Chase Bank, N.A.*, 6 Cal. App. 5th 802, 816–17 (2016); *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016); *Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D.3d 1176, 1178 (N.Y. App. Div. 2015).

[4] California precedent forecloses Lewis's assertion that U.S. Bank had to physically possess the note to foreclose on his property. *See Shuster v. BAC Home Loans Servicing, LP*, 211 Cal. App. 4th 505, 511 (2012). His allegation that Wells Fargo sold his deed of trust sometime between November 2002 and May 2004 is insufficient to state a plausible claim.

prevail on the state-law claims that depend on the assignments' invalidity. The district court did not err in holding that Lewis failed to state a claim.

Nor did the district court err in determining that Lewis failed to state a state-law breach-of-contract claim. Lewis alleged only that he complied with his contract obligations and that U.S. Bank did not. These conclusions, without more, do not satisfy Federal Rule of Civil Procedure 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, the district court did not abuse its discretion in denying leave to amend, because amendment would have been futile. Lewis's challenges to the assignments are barred as a matter of law. In a hearing before the district court, Lewis's counsel failed to identify any additional facts he could allege to make the breach-of-contract claim plausible. Granting Lewis leave to amend would have prejudiced U.S. Bank, which had been delayed from holding a foreclosure sale despite Lewis's failure to pay the debt.

**AFFIRMED.**