**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE ROSANNA MAC TURNER, *Debtor,* | No. 15-60046 |
| | BAP No. 14-1139 |
| DAVID G. TURNER; ROSANNA MAC TURNER, *Appellants,* | |
| | OPINION |
| v. | |
| WELLS FARGO BANK NA; CITIGROUP GLOBAL MARKETS REALTY CORP.; U.S. BANK, as Trustee for the Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2005-4; CITIMORTGAGE INC., *Appellees.* | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted April 19, 2017[*]
San Francisco, California

Filed June 15, 2017

Before: Richard A. Paez and Sandra S. Ikuta, Circuit
Judges, and Susan R. Bolton,[**] District Judge.

Opinion by Judge Bolton

## SUMMARY[***]

**Bankruptcy**

The panel affirmed the Bankruptcy Appellate Panel's
decision affirming the bankruptcy court's dismissal of an
adversary proceeding.

After the bankruptcy court granted relief from the
automatic stay to allow a foreclosure to proceed, the debtors
filed an adversary proceeding alleging that the transfer of a
deed of trust for their property to a mortgage-backed security
trust, which was securitized pursuant to a Pooling and
Servicing Agreement, was void and a breach of the

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Susan R. Bolton, United States District Judge for
the District of Arizona, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It
has been prepared by court staff for the convenience of the reader.

Agreement because it was not effectuated within the ninety-day period established by the Agreement.

The panel held that the debtors failed to state a claim for wrongful foreclosure under California law. Under *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016), a home loan borrower has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void. The panel held that the fact that the assignments of the deed of trust were made well after the ninety-day timeframe merely rendered the transfer voidable, not void. Accordingly the debtors lacked standing to claim wrongful foreclosure.

The panel held that the debtors did not properly allege a claim for breach of contract or breach of the implied covenant of good faith and fair dealing because, as borrowers, they were not third-party beneficiaries of the Pooling and Servicing Agreement.

The panel held that the debtors did not state a claim for breach of the express terms of the deed of trust in the execution of the notice of default, or for breach of the implied covenant of good faith and fair dealing. They also failed to state a claim for violation of Cal. Civ. Code § 2923.5 or for unfair competition under Cal. Bus. & Prof. Code 17200.

## COUNSEL

Michael Yesk, Pleasant Hill, California, for Appellants.

Bernard J. Kornberg, Mark D. Lonergan, and Jan T. Chilton, Severson & Werson, San Francisco, California, for Appellees.

## OPINION

BOLTON, District Judge:

This appeal arises from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order granting Appellees'[1] motion to dismiss Rosanna Mac Turner's and David Turner's ("Appellants" or "Turners") Adversary Complaint without leave to amend.

The Turners are the borrowers and Trustors on a Deed of Trust ("DOT") for residential property in Livermore, California. The DOT was recorded on May 16, 2005 naming Fidelity National Title Insurance Company as Trustee and Appellee Wells Fargo, N.A. ("Wells Fargo") as both Lender and Beneficiary. On or around August 2005, Wells Fargo sold the DOT along with the Turners' promissory note to Citigroup Global Markets Realty Corp. ("Citigroup"). Citigroup deposited them into a mortgage-backed security trust (the "CMLTI Trust"), which was securitized pursuant to a Pooling and Servicing Agreement ("PSA") and named

---

[1] Appellees are Wells Fargo Bank, N.A.; Citigroup Global Markets Realty Corp.; U.S. Bank N.A. as Trustee for the Citigroup Mortgage Loan Trust, Inc., Mortgage Pass-Through Certificates, Series 2005-4; and Citimortgage, Inc.

Appellee U.S. Bank, N.A. ("U.S. Bank") as Trustee. The CMLTI Trust, a tax-exempt real estate mortgage investment conduit trust, required the transfer of all assets to the trust within ninety days of the Trust Pool's August 29, 2005 start date, but the DOT was not transferred by Wells Fargo to Citigroup until May 12, 2011 and by Citigroup to U.S. Bank as Trustee for the CMLTI Trust until September 19, 2012.

NBS Default Services ("NBS") recorded a Notice of Default on the property on February 10, 2012 as Trustee or Agent for the Beneficiary. Citigroup recorded a Substitution of Trustee naming NBS as Trustee on May 2, 2012.[2] On May 16, 2012, NBS recorded a Notice of Trustee's Sale.

The Turners filed for bankruptcy on June 4, 2012. When the Turners did not pay Wells Fargo as required by their approved bankruptcy plan, U.S. Bank sought and was granted relief from the automatic stay to proceed with foreclosure. The Turners then filed this adversary proceeding. The Turners allege that the transfer of the DOT to the CMLTI Trust is void and is a breach of the PSA because it was not effectuated within the ninety-day period established by the PSA. In addition, they assert breach of the DOT and violations of California law.

## I.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(d)(1), which provides appellate jurisdiction over the final decisions and judgments of the BAP. We review decisions of the BAP de novo. *Aalfs v. Wirum (In re*

---

[2] Neither party disputes that the Substitution of Trustee was recorded on May 2, 2012 as alleged in the Adversary Complaint, and that fact is assumed true for purposes of the Motion to Dismiss.

*Straightline Invs., Inc.)*, 525 F.3d 870, 876 (9th Cir. 2008). We review the bankruptcy court's decision to dismiss Appellants' complaint for failure to state a claim de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We also review the bankruptcy court's decision to deny the Turners leave to amend their complaint for abuse of discretion, but consider de novo whether the complaint is susceptible to amendment. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Two questions are presented on appeal:[3] (1) whether the bankruptcy court correctly concluded that the Turners' Adversary Complaint failed to state a claim and (2) whether the bankruptcy court erred in denying the Turners leave to amend.[4]

For the reasons discussed below, we affirm.

---

[3] The Turners also ask us to take judicial notice of two documents: (1) the California Supreme Court docket for *Keshtgar v. U.S. Bank*, No. B246193, and (2) the Substitution of Trustee recorded by Citigroup on May 2, 2012. We **DENY** the motion as moot.

[4] Appellants appeal the bankruptcy court's order dismissing five of their eight causes of action: wrongful foreclosure, breach of express agreement, breach of the implied covenant of good faith, violation of California Civil Code § 2923.5, and violation of the California Unfair Competition Law. The Turners' failure to appeal the bankruptcy court's order on the remaining three causes of action—slander of title, violation of 18 U.S.C. § 1962 ("RICO") and injunctive relief—constitutes waiver of those issues on appeal. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief.") (citation omitted).

## II.

### A.

First, we consider whether the bankruptcy court correctly determined that the Turners failed to state a claim. As the Turners have alleged multiple claims, we have grouped them as follows: (1) Wrongful Foreclosure, (2) Breach of Express Agreement and the Implied Covenant of Good Faith and Fair Dealing Under the PSA, (3) Breach of Express Agreement and the Implied Covenant of Good Faith and Fair Dealing under the DOT, (4) Violation of California Civil Code § 2923.5 ("Section 2923.5"), and (5) Violation of California's Business and Professions Code § 17200 (the "Unfair Competition Law" or "UCL"). We address each in turn.

### 1.

"[A] home loan borrower has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void." *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 861 (Cal. 2016). "Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire." *Id.* at 856.

Here, the Turners argue that the DOT assignments are void and not voidable. They primarily rely on the California Court of Appeal's decision in *Glaski v. Bank of America*, 160 Cal. Rptr. 3d 449 (Ct. App. 2013), in which it interpreted New York law. The Second Circuit and New York state courts, however, have rejected *Glaski*'s interpretation of New York law. *See Wells Fargo Bank, N.A. v. Erobobo*, 9 N.Y.S.3d 312 (N.Y. App. Div. 2015) (reversing the trial

court decision relied upon by *Glaski*); *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88–89 (2d Cir. 2014). Following these decisions, three California Courts of Appeal have held that "such an assignment is merely voidable." *Saterbak v. JP Morgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 796 (Ct. App. 2016), *reh'g denied* (Apr. 11, 2016), *review denied* (July 13, 2016) (internal quotation marks omitted) ("[T]he weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the [pooling and servicing agreements] rendered defendants' acquisition of plaintiffs' loans and mortgages void as a matter of trust law;" "an unauthorized act by the trustee is not void but merely voidable by the beneficiary.") (second alternation in original) (quoting *Rajamin*, 757 F.3d at 88–89); *accord Mendoza v. JP Morgan Chase Bank, N.A.*, 212 Cal. Rptr. 3d 1, 8–9 (Ct. App. 2016); *Yhudai v. Impac Funding Corp.*, 205 Cal. Rptr. 3d 680, 684–85 (Ct. App. 2016). The Turners' argument to the contrary is unavailing: the fact that the assignments of the DOT were made well after the ninety-day timeframe, merely rendered the transfer voidable, not void. As a result, the district court properly dismissed the Turners' wrongful foreclosure claim for failure to state a claim.

2.

The Turners, again relying on *Glaski*, argue that they are third-party beneficiaries of the PSA and therefore properly alleged a claim for breach of contract or breach of the implied covenant of good faith and fair dealing under the PSA. But, as numerous California appellate courts have held, borrowers, like the Turners, are not third-parties beneficiaries of the PSA. *See, e.g.*, *Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 927 (Ct. App. 2013) ("As an unrelated third party to the alleged

securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [the borrower] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions."), *disapproved of on other grounds by Yvanova*, 365 P.3d at 854–55; *see also Moran v. GMAC Mortg., LLC*, No. 5:13-CV-04981-LHK, 2014 WL 3853833, at *5 (N.D. Cal. Aug. 5, 2014) (collecting cases stating that the viewpoint expressed in *Glaski* that a borrower is a third-party beneficiary of a pooling and service agreement is in the minority and numerous other California appellate courts have declined to follow it, even where the trust at issue was organized under New York law). As a result, the district correctly ruled that the Turners failed to state a claim for either breach of the express agreement or the related breach of the implied covenant of good faith and fair dealing under the PSA.

3.

The Turners next argue that Wells Fargo breached the express terms of the DOT because it did not execute the Notice of Default, and that NBS could not record the Notice of Default because the Notice was issued three months before NBS was substituted as Trustee. This argument, however, lacks merit. Wells Fargo was not required by the express terms of the DOT to execute the Notice of Default, but rather, it can cause the Trustee to execute a written notice of default. Here, a substitution of trustee was recorded naming NBS as Trustee. Therefore, NBS had the authority to issue the Notice of Default. Cal. Civ. Code § 2934a(d) ("Once recorded, the substitution shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section.").

Relatedly, the Turners argue that Wells Fargo breached the implied covenant of good faith and fair dealing in the DOT by obscuring the identity of the true holder of the beneficial interest making it impossible for them to know to whom to make their mortgage payments. This claim fails because the Turners have not alleged that their payments were not accurately credited, that they sustained any damages, or that they were not in default. Having failed to identify any prejudice, the district court properly dismissed their claims.

4.

The Turners argue that Citigroup and NBS violated Section 2923.5. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default until either thirty days after initial contact with the borrower or thirty days after satisfying the due diligence requirements. Cal. Civ. Code § 2923.5(a)(1)(A). The notice of default may be signed by "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents." Cal. Civ. Code § 2924(a)(1).

The Notice of Default was signed by NBS as Trustee or Agent of the Beneficiary, Wells Fargo. A substitution of trustee naming NBS as trustee was later recorded. "The only remedy for noncompliance with [Section 2923.5] is the postponement of the foreclosure sale." *Skov v. U.S. Bank Nat'l Ass'n*, 143 Cal. Rptr. 3d 694, 698 (Ct. App. 2012). The recorded documents conclusively show compliance before the Notice of Trustee's Sale was recorded because the Turners received timely notice from NBS. And, even if NBS was ineligible to give notice at the time, Section 2923.5 provides no remedy to borrowers, like the Turners. The district court properly dismissed their claim under Section 2923.5.

5.

Finally, the Turners argue that Appellees violated the UCL by executing and recording "invalid and void Assignments of Deed of Trust on May 12, 2011 and September 19, 2012; an invalid Notice of Default on February 10, 2012; and an invalid Notice of Trustee's Sale on May 16, 2012, despite knowing that they were not the legal trustees or holders of beneficial interest" under the DOT. The UCL prohibits unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising. Cal. Bus. & Prof. Code § 17200. "Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competitive practices." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003). The Turners, however, failed to establish standing to bring a claim under the UCL.

To have standing to assert a Section 17200 claim, the plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885 (Cal. 2011) (emphasis in original). A plaintiff fails to satisfy this causation requirement if he or she would have suffered "the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 61 Cal. Rptr. 3d 716, 729 (Ct. App. 2007).

Here, the Turners cannot properly assert standing because they cannot establish the second prong. The Turners' home would have been foreclosed regardless of the alleged deficiencies in the timing of the assignments of the DOT and Substitution of Trustee. Appellants have not

disputed that they stopped making payments, causing the loan to go into default. *See Jenkins*, 156 Cal. Rptr. at 933–34 (noting that it was plaintiff's default that triggered the lawful enforcement of the power of sale clause in the deed of trust, and the triggering of the power of sale clause subjected plaintiff's home to nonjudicial foreclosure, not any procedural deficiencies in assignment). Therefore, they do not have standing to pursue a claim under the UCL.

## B.

The Turners' claims for wrongful foreclosure, breach of contract and the implied covenant of good faith and fair dealing under the PSA, and violation of the UCL were correctly dismissed without leave to amend because the Turners' lack of standing cannot be cured by amendment. Furthermore, the district court correctly dismissed the Turners' claims for breach of contract and the implied covenant of good faith and fair dealing under the DOT and violation of Section 2923.5 without leave to amend because any amendment would be futile. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). The DOT permitted the substitution of the Trustee, the Turners cannot allege that they suffered damages for the alleged breach of the implied covenant of good faith and fair dealing under the DOT, and Appellees have complied with Section 2923.5, leaving the Turners no remedy.

## III.

We affirm the dismissal of the Turners' claims for (1) wrongful foreclosure, (2) breach of contract and the implied covenant of good faith and fair dealing under the PSA, (3) breach of contract and the implied covenant of good faith and fair dealing under the DOT, (4) violation of

Section 2923.5, and (5) violation of the UCL without leave to amend because any amendment would be futile.

**AFFIRMED.**