NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH JAMES PONTHIEUX, | No. 15-16593 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00412-KJM-EFB |
| v. | |
| BANK OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted August 9, 2017**

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Keith James Ponthieux appeals pro se from the district court's judgment

dismissing his diversity action alleging state law claims related to a mortgage loan

on real property quitclaimed to Ponthieux by the borrowers.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Ponthieux's quiet title, cancellation of instruments, and declaratory relief claims was proper because an untimely assignment of the deed of trust under a pooling and servicing agreement is not void. *See In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017) (holding that an untimely assignment to a securitized trust, made after the securitized trust's closing date, is not void but merely voidable); *cf. Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 858 (Cal. 2016) (a plaintiff bringing a wrongful foreclosure claim has standing only when challenging a void assignment).

Dismissal of Ponthieux's claims premised on the authority of Mortgage Electronic Registration Systems, Inc. ("MERS") to assign the deed of trust was proper because the assignment was valid under California law. *See Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal. Rptr. 3d 467, 479-80 (Ct. App. 2011) (assignment is valid where MERS acts as the lender's nominee when it assigns an interest in the deed of trust), *disapproved of on other grounds by Yvanova*, 365 P.3d at 859 n.13.

15-16593

Contrary to Ponthieux's contentions, the Ninth Circuit Bankruptcy Appellate Panel's decision in *Veal v. American Home Mortgage Servicing, Inc. (In re Veal)*, 450 B.R. 897 (9th Cir. BAP 2011), does not require appellees to prove their standing to enforce the promissory note as this case is governed by California law. *See Fontenot*, 129 Cal. Rptr. 3d at 481 (recognizing that a promissory note is a negotiable instrument that can be transferred to another creditor, and that an assignment merely substitutes one creditor for another, without changing a borrower's obligations under the note).

We reject as meritless Ponthieux's contentions concerning any res judicata effect allegedly caused by the borrowers' bankruptcy discharge.

**AFFIRMED.**