**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVIN ABANO, | No.    16-55325 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-06268-SVW-AFM |
| v. | |
| OCWEN LOAN SERVICING, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 16, 2017
Pasadena, California

Before:  KOZINSKI and IKUTA, Circuit Judges, and GETTLEMAN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Robert W. Gettleman, United States District Judge for the Northern District of Illinois, sitting by designation.

Abano appeals from the district court's order dismissing his complaint for wrongful foreclosure, to quiet title to real property, and for violations of section 2924.17 of the California Civil Code and section 17200 of the California Business and Professions Code. We have jurisdiction under 28 U.S.C. § 1291.

The deed of trust signed by Abano gives MERS the right to exercise the interests of MortgageIT and its successors and assigns under the security agreement; nothing in the deed of trust or our case law, *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011), limits this authority to lenders who are members of the MERS registry. Therefore, MERS had the authority to assign and transfer the beneficial interest of the deed of trust to HSBC and to substitute ETS as the trustee under the deed of trust.

Any irregularities in the assignment of the loan and deed of trust to HSBC, as trustee for DBALT 2007-3, would render the assignment voidable rather than void, and therefore Abano lacks standing to challenge such irregularities. *See In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017); *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016).

Because the defendants have the authority to institute nonjudicial foreclosure proceedings, Abano's claims based on wrongful foreclosure and a violation of section 2924.17 fail, as does his quiet title action. His claim under section 17200

fails due to the lack of a predicate offense. *See Wolski v. Fremont Inv. & Loan*,

127 Cal. App. 4th 347, 357 (2005).[1]

      **AFFIRMED**.

---

[1] We grant defendants' motion for judicial notice of the Notice of Default and Notice of Rescission, which are matters of public record, *see Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), and deny the motion for judicial notice of the MERSCORP member search printout, because it is not "readily verifiable." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).