NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  DENNIS DELMAR DRAUDT,<br><br>Debtor.<br>_____<br><br>DENNIS DELMAR DRAUDT,<br><br>Appellant,<br><br>  v.<br><br>CHARLES HOLMES; et al.,<br><br>Appellees. | No.    16-56198<br><br>D.C. No. 2:16-cv-00616-MWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 7, 2018[**]
Pasadena, California

Before:  GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Chapter 13 debtor Dennis Delmar Draudt appeals from the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirmance of the bankruptcy court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his adversary case alleging wrongful foreclosure. We review de novo the district court's decision on appeal from the bankruptcy court. *See Cloobeck v. Cory (In re Cloobeck)*, 788 F.3d 1243, 1245 (9th Cir. 2015). We review de novo the bankruptcy court's decision to dismiss for failure to state a claim, and review for an abuse of discretion its decision to deny leave to amend. *See Turner v. Wells Fargo Bank NA (In re Turner)*, 859 F.3d 1145, 1148 (9th Cir. 2017). As the parties are familiar with the facts, we do not recount them here. We affirm.

The bankruptcy court properly dismissed Draudt's wrongful foreclosure action for failure to state a claim. The bankruptcy court's January 7, 2015 order – which granted Charles Holmes relief from the automatic stay, but extended until February 17, 2015, the prohibition against conducting a foreclosure sale of the property – was no longer effective by operation of law after Draudt voluntarily dismissed his Chapter 13 case on January 20, 2015. *See* 11 U.S.C. §§ 349(b)(3) ("Unless the court, for cause, orders otherwise, a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."), 362(c)(1) ("[T]he [automatic] stay of an act against property of the estate . . . continues until such property is no longer property of the estate[.]"). Draudt's argument that the bankruptcy court exercised its discretion under § 349(b)(3) for the January 7 order

2

to survive dismissal of his Chapter 13 case is unpersuasive because the bankruptcy court indicated that was not the intent of its January 7 order, and Draudt cannot identify anything in the record that suggests a different conclusion.

The bankruptcy court did not abuse its discretion by denying Draudt leave to amend. Amendment would be futile because Draudt could not cure the defect that his claims rested on the flawed legal premise that the automatic stay, including the February 17 foreclosure extension, remained effective after the bankruptcy court dismissed his Chapter 13 case. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). And, the record contradicts the assertion that Draudt could amend to plausibly allege that Holmes' attorney orally promised at a hearing not to foreclose before February 17. *See id*. at 1040.

**AFFIRMED**.