NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KANCHANA KARUNARATNE, an individual and CARLA KARUNARATNE, an individual,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>U.S. BANK, as trustee, successor in interest to Wachovia Bank, National Association as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A6 (erroneously sued as U.S. Bank, National Association); OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WESTERN PROGRESSIVE, LLC; DOES, 1-10,<br><br>Defendants-Appellees. | No. 16-56803<br><br>D.C. No. 3:16-cv-00843-JLS-KSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted April 10, 2018[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,*** District Judge.

Plaintiffs-Appellants Kanchana Karunaratne and Carla Karunaratne brought suit against Defendants-Appellees alleging wrongful foreclosure and violations of California Civil Code sections 2924(a)(6) and 2924.17; California Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.*; and the covenant of good faith and fair dealing. Plaintiffs-Appellants are borrowers and trustors on a deed of trust for residential property in Escondido, California. The gist of their claims is that because the transfer of the deed of trust to a securitized trust in New York was invalid, none of Defendants-Appellees has a beneficial interest allowing them to foreclose. The district court dismissed the complaint, holding that Plaintiffs-Appellants lacked standing to challenge the assignment of the deed of trust.

Our review is de novo, *see Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we may affirm on any ground supported by the record, *see Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

*** The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

California law permits a wrongful foreclosure plaintiff to challenge an assignment of the beneficial interest to the foreclosing entity only if that assignment was void *ab initio* rather than merely voidable. *See Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 861 (Cal. 2016). Plaintiffs-Appellants rely on *Glaski v. Bank of America, National Association*, which held that the attempted transfer of a note and security interest into a trust after the trust's closing date is void rather than voidable under New York law. 160 Cal. Rptr. 3d 449, 462–63 (Cal. Ct. App. 2013). However, New York courts "have rejected *Glaski*'s interpretation of New York law," and this court has held that a late assignment of a deed of trust to a New York trust is voidable rather than void. *In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017). Because a borrower lacks standing to challenge a *voidable* transfer to which he or she is not a party, we affirm the district court's dismissal of Plaintiffs-Appellants' claims.

This holding disposes of all of the claims that Plaintiffs-Appellants brought in the district court. On appeal, Plaintiffs-Appellants add an additional argument in support of their claim for breach of the covenant of good faith and fair dealing: they argue that Defendants-Appellees "breached the covenant by failing to inform [Plaintiffs-Appellants] their Loan was sold, thus depriving [Plaintiffs-Appellants] of the opportunity to negotiate with the true creditor." "As a general rule, we will not consider arguments that are raised for the first time on appeal." *Smith v.*

*Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).  Even if we did consider this argument, however, it would fail.   Plaintiffs-Appellants have offered no authority in support of their proposition that "[Defendants-Appellees] had an obligation to inform [Plaintiffs-Appellants] of [their] purported acquisition of the beneficial and actual interest in [Plaintiffs-Appellants'] Note."

Plaintiffs-Appellants also argue that the district court, in taking judicial notice of their foreclosure documents, improperly accepted the truth or validity of those documents.  We need not decide this issue because Plaintiffs-Appellants' lack of standing is evident from the face of their complaint without reference to any judicially noticed documents.

Finally, the district court did not abuse its discretion by denying Plaintiffs-Appellants leave to further amend their complaint because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  No amendment could cure the complaint's legal defects; as the alleged late assignment of the note and deed of trust to the securitized trust was voidable rather than void, Plaintiffs-Appellants cannot challenge that assignment.[1]

**AFFIRMED.**

---

[1] Defendants-Appellees' motion for judicial notice, filed on June 14, 2017, is denied as moot.

4