NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIETTA REYES<br><br>       Plaintiff-Appellant,<br><br> v.<br><br>THE BANK OF NEW YORK MELLON, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-0A19, Mortgage Pass-Through Certificates, Series 2006-0A19  formerly known as The Bank of New York Erroneously Sued As Bank of New York Mellon; et al.,<br><br>       Defendants-Appellees. | No.    16-56883<br><br>D.C. No.<br>2:15-cv-07982-DSF-E<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted April 13, 2018
San Francisco, California

Before:  BEA and MURGUIA, Circuit Judges, and MOLLOY,** District Judge.

In 2006, Plaintiff-Appellant Marietta Reyes executed a promissory note

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

secured by a deed of trust encumbering her primary residence (the "Loan"). Subsequently, the Loan was transferred by the original lender to a trust holding many pooled notes (the "Trust"), for which Bank of New York Mellon ("BNY Mellon") is currently the trustee. Reyes defaulted on her loan several times from 2009–2014. In 2011, the Trust, through its agents, recorded a notice of default with respect to Reyes's Loan in the County of Los Angeles. The notice of default was later duly rescinded, but Reyes defaulted again in 2014. Reyes retained counsel to attempt to negotiate a loan modification and then sued BNY Mellon in California state court, claiming that the Trust had no legal right to enforce the now-defaulted Loan.

BNY Mellon removed the suit to federal court based on diversity jurisdiction and sought to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted, in part, BNY Mellon's motion to dismiss, but allowed one claim, not at issue here, to proceed to summary judgment. In her appeal, Reyes challenges only the district court's order granting, in part, BNY Mellon's motion to dismiss.[1]

We review de novo a district court's decision to grant a motion to dismiss for failure to state a claim. *Olympic Forest Coal. v. Coast Seafoods Co.*, 884 F.3d 901, 905(9th Cir. 2018). The plaintiff's plausible factual allegations are accepted as true

---

[1]     Reyes does not challenge the district court's later order granting BNY Mellon's motion for summary judgment.

2

and construed in the light most favorable to the claim. *Id.* We may affirm an order dismissing a claim on any basis fairly supported by the record, whether or not the district court relied on that particular ground. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998).

Reyes's only argument on appeal is that the transfer of her Loan to the Trust violated the Trust's Pooling Services Agreement (the "Agreement")—which governs the operation of the Trust—because the Loan was transferred to the Trust after the closing date set out in the Agreement, and because there was not an "unbroken chain of transfers and assignments to and from each intervening party," as required by the Agreement. Reyes's argument is foreclosed by *In re Turner*, 859 F.3d 1145 (9th Cir. 2017). There we held that a borrower in Reyes's position cannot claim that a trustee lacks authority to enforce the pooled note if the transfer to the trust is merely voidable at the option of the trust, rather than void. *Id*. at 1149. Moreover, a transfer that merely violates the terms of a trust's Agreement is voidable at the option of the trust, not void. *Id.* As a result, even if Reyes is correct and the transfer of her Loan to the Trust violated the terms of the Agreement, that fact cannot, as a matter of law, support her claims.

Because Reyes's claims fail as a matter of law, the district court did not err in granting, in part, BNY Mellon's motion to dismiss.

**AFFIRMED.**

3