NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE BURRINGTON, | No. 17-35452 |
| Plaintiff-Appellant, | D.C. No. 9:15-cv-00168-DWM |
| v. | |
| OCWEN LOAN SERVICING, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted May 15, 2018
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and BASHANT,** District Judge.

Plaintiff Lee Burrington brought claims against Bank of America, N.A.

("BANA"), Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank, N.A. ("U.S.

Bank") (collectively, "Defendants") for negligence and violations of the Montana

Consumer Protection Act ("MCPA"). He also sought a declaratory judgment that

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Cynthia A. Bashant, United States District Judge for the Southern District of California, sitting by designation.

the assignment of his loan into the Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2005-E Trust ("2005-E Trust") was void. The district court granted Defendants' motions to dismiss with prejudice and granted judgment on the pleadings with respect to the request for declaratory judgment. Burrington appeals both orders. Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm both the district court's dismissal and judgment on the pleadings.

We review de novo both an order granting dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and an order granting a Rule 12(c) motion for judgment on the pleadings. *See Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999).

1.      We concur with the district court that Defendants owed no duty of care to Burrington under the facts of this case. Defendants' conduct was not "beyond the ordinary role of a lender of money," and Defendants did not "actively advise[] [Burrington] in the conduct of [his] affairs." *See Morrow v. Bank of America, N.A.*, 324 P.3d 1167, 1177 (Mont. 2014) (citing *Deist v. Wachholz*, 678 P.2d 188, 193 (Mont. 1984)); *see also Anderson v. ReconTrust Co., N.A.*, 407 P.3d 692, 699 (Mont. 2017) (finding that the borrowers did not receive advice "beyond basic

2

information about HAMP and whether they qualified for loan modification under the program" and were not induced to default on their loan). Moreover, nowhere in the complaint does Burrington allege what other actions he was able to take, but failed to do, because of Defendants' advice or his pending loan modification application. *See Morrow*, 324 P.3d at 1184 (recounting that the borrowers' allegations that, instead of continuing to make reduced payments, they could have "immediately [sought] another lender or proceed[ed] with a short sale or foreclosure"); *see also Anderson*, 407 P.3d at 699 ("The amended complaint was similarly devoid of any assertion that, but for their reliance on the alleged bank error, they would have timely cured their default and avoided foreclosure. Nor did the amended complaint allege that the alleged bank error caused them to suffer any other harm."). Thus, the facts of this case were distinguishable from *Morrow*.

2. Furthermore, Burrington failed to adequately allege a claim for negligent misrepresentation. The district court properly found that the complaint lacked sufficient allegations to give Defendants fair notice of the claim. Stating the legal theory for a claim, without more, is insufficient to provide Defendants fair notice of this claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3. The statute of limitations barred Burrington's MCPA claim against BANA. The limitations period for a MCPA claim is two years. Mont. Code Ann. § 27-2-211. All Burrington's allegations regarding BANA's conflicting representations,

3

repeated foreclosure sales, and dual tracking occurred before December 9, 2013, when Burrington learned BANA was no longer servicing his loan. There are no allegations that these activities were concealed in any way. Therefore, any claims relating to these actions are time barred.

In addition, Burrington was told he would not be considered for a HAMP loan modification by December 22, 2010 at the latest. Specifically, on November 18, 2010, BANA told Burrington he did not qualify for a loan modification. And, on December 22, 2010, Burrington learned that he was not being considered for a HAMP loan modification, but was being considered for an in-house loan modification. This provided Burrington with the information needed for his claim, regardless of whether Burrington actually believed the statements or understood the reasons for the denial. The statute of limitations had long expired by the time he filed his complaint on December 17, 2015.

4.     The district court also properly found Burrington alleged no "unfair or deceptive acts [by Ocwen or U.S. Bank] which caused him any ascertainable loss." Therefore, the district court properly granted Ocwen and U.S. Bank's motion to dismiss the MCPA claim.

5.     Finally, Burrington lacks standing to contest the mortgage assignment. Even if Burrington is correct and the assignment of his loan to the 2005-E Trust was untimely, the transaction is merely voidable. Because no party to the transaction

attempted to set aside the assignment, it remains a valid assignment. In addition, under either New York *or* Montana law, Burrington lacks standing because he was not the intended beneficiary of the assignment contract. *See Turner v. Wells Fargo Bank, N.A.*, 291 P.3d 1082, 1086 (Mont. 2017) ("A stranger to a contract lacks standing to sue for breach of that contract unless he is an intended third-party beneficiary of the contract." (internal quotations and citations omitted)); *In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017) (applying New York law and finding that a party cannot challenge a contract when he is neither a party to it nor a third party beneficiary).

Accordingly, the district court's decisions are **AFFIRMED** in their entirety**.**