**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: LENORE L. ALBERT-SHERIDAN, | No. 19-60023 |
| Debtor, | BAP No. 18-1222 |
| ------------------------------ | |
| LENORE L. ALBERT-SHERIDAN, DBA Law Offices of Lenore Albert, | MEMORANDUM* |
| Appellant, | |
| v. | |
| STATE BAR OF CALIFORNIA; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Spraker, and Faris, Bankruptcy Judges, Presiding

Submitted March 30, 2020**
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Debtor Lenore L. Albert-Sheridan appeals the dismissal of her complaint against the State Bar of California and its employees, alleging violations of the Bankruptcy Code and other federal and state laws. We have jurisdiction under 28 U.S.C. § 158(d)(1) and review the dismissal de novo. *In re Turner*, 859 F.3d 1145, 1148 (9th Cir. 2017). In a separate opinion, we review Albert's claims under 11 U.S.C. §§ 523(a)(7) and 525(a) and affirm in part, reverse in part, and remand. In this memorandum, we affirm the dismissal of Albert's remaining claims.

1.      Under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015). Albert asserts that State Bar employees violated her First, Fourth, Fifth, and Fourteenth Amendment rights. Federal courts generally abstain from interfering with state bar proceedings given States' "extensive control over the professional conduct of attorneys." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982). Albert has not alleged any reason to depart from this general view. Her allegations are predicated on a mistaken belief that the State Bar impermissibly suspended her law license due to a dischargeable debt. Under California law, the State Bar and its employees may condition the reinstatement of Albert's law license on payment of those costs. Cal. Bus. & Prof. Code § 6140.7. As we explain in our opinion, bankruptcy does not

2

disturb the State Bar's authority since costs for attorney disciplinary proceedings may not be discharged under 11 U.S.C. § 523(a)(7). *In re Albert-Sheridan*, No. 19-60023, slip op. at __ (9th Cir. June __, 2020). Because the debt to the State Bar is non-dischargeable, her claim must fail. We therefore affirm the dismissal of her § 1983 claim.[1]

2.      Albert's constitutional challenges to California Business and Professions Code §§ 6086.10, 6103, and 6047 are equally without merit. Albert principally reiterates the same allegations as her § 1983 claim. She also adds that the California statutes as applied to her violate 11 U.S.C. § 525(a), which prohibits a governmental unit from discriminating against a debtor "solely" because of a dischargeable debt. For the reasons stated above, we affirm. Albert's obligation to pay the State Bar for its disciplinary proceedings is not dischargeable; accordingly, the suspension of her license due to this debt does not violate § 525(a) or any other federal law alleged in the complaint. *See Albert-Sheridan*, No. 19-60023, slip op. at __.

---

[1] Albert asserts for the first time in her opening brief that the State Bar's actions also violate the Eighth Amendment's Excessive Fines Clause. As Albert did not raise that theory in the bankruptcy proceedings below, we do not consider it now. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."); *In re Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014) ("A litigant may waive an issue by failing to raise it in a bankruptcy court.").

3

3.      The federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*., protect consumers from abusive, unfair, or deceptive practices by debt collection agencies. The bankruptcy appellate panel dismissed Albert's claims under both statutes, reasoning that the State Bar is not a "debt collector" under either law. *In re Albert-Sheridan*, 2019 WL 1594012, at *9–10 (B.A.P. 9th Cir. Apr. 11, 2019) ("Attorney disciplinary proceedings are not designed or intended to be debt collection mechanisms for private parties, even where attorneys are ordered to pay money."). In response, Albert argues that the State Bar's annual operating fund is significantly funded by the collection of attorney disciplinary costs. Even if true, it would not save her claim since Albert fails to assert how the State Bar violated either statute in her opening brief. "We cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (simplified). We thus affirm the dismissal of this claim.

4.      Finally, Albert requests that we grant her leave to amend her complaint. It does not appear, however, that Albert sought leave in the bankruptcy proceedings below. We decline to address a request Albert raises for the first time on appeal. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 749 (9th Cir. 2006)

("[W]e generally will not remand with instructions to grant leave to amend unless the plaintiff sought leave to amend below.").

**AFFIRMED.**