Filed 12/15/21  Martinez v. Morgan Stanley Mortgage Loan Trust CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| VIRGINIA MARTINEZ, | |
| Plaintiff and Appellant, | E072075 |
| v. | (Super. Ct. No. CIVDS1720738) |
| MORGAN STANLEY MORTGAGE LOAN TRUST 220-7AX, et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Sachs, Judge.  Affirmed.

Vasumathi Vijayraghavan, for Plaintiff and Appellant.

Barrett Daffin Frappier Treder & Weiss, Mark S. Blackman and Edward A. Treder, for Defendants and Respondents.

1

I.

INTRODUCTION

Virginia Martinez defaulted on her home mortgage loan when she stopped making payments. To avert foreclosure, she agreed to sell her house in a short sale, but the sale fell through, so her house was sold in a foreclosure. Martinez then sued Respondents,[1] alleging that they unlawfully foreclosed on her house. The trial court sustained Respondents' demurrer without leave to amend, and Martinez appeals. We affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Martinez obtained a mortgage to purchase her home in Chino in 2007. In 2015, Martinez failed to make mortgage payments and defaulted on the loan. She applied for a loan modification program twice in 2016, but was denied both times. The only option she was provided as an alternative to foreclosure was to sell her home in a short sale. Martinez agreed to a short sale.

---

[1] Respondents are (1) Specialized Loan Servicing, LLC (SLS) and (2) Morgan Stanley Mortgage Loan Trust 2007-7AX, U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee.

[2] We assume the truth of the following facts as alleged in Martinez's operative Second Amended Complaint (SAC). (*Stevens v. Superior Court* (1999) 75 Cal.App.4th 594, 601.)

In March 2017, the parties conducted a short sale and Martinez's property went into escrow. Under the parties' short sale agreement, the sale had to close by April 19, 2017. Respondent SLS agreed that it would not foreclose until the closing date of an approved short sale. Although there was a buyer willing to buy Martinez's house, he could not get approved for financing by the April 19 deadline. SLS therefore sold Martinez's house in a trustee's sale on April 24, 2017.

Martinez sued Respondents, alleging various causes of action related to the foreclosure. In her operative SAC, Martinez alleges two causes of action, one for Respondents' alleged violation of the prohibition on "dual tracking" in the California Homeowners Bill of Rights (HBOR; Civil Code, §§ 2923.5 et seq.) and another for their alleged violation of the Business and Professions Code section 17200 et seq. (UCL). The trial court sustained Respondents' demurrer to the SAC without leave to amend and entered judgment in their favor. Martinez timely appealed.

## III.

## DISCUSSION

Martinez contends the trial court erroneously sustained Respondents' demurrer without leave to amend. We disagree.

A. *Standard of Review*

"On appeal, a plaintiff bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law. . . . Because a demurrer tests the legal sufficiency of a complaint, the plaintiff must show the complaint alleges facts

3

sufficient to establish every element of each cause of action. . . . [¶] When a demurrer is sustained without leave to amend, this court decides whether a reasonable possibility exists that amendment may cure the defect; if it can we reverse, but if not we affirm. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 (*Rakestraw*).)

B. *Analysis*

1. *First Cause of Action*

Martinez's first cause of action alleged Respondents foreclosed on her house in violation of former Civil Code sections 2923.6 and 2924.18, which were amended after the foreclosure. In particular, Martinez alleged Respondents violated the statutes' prohibition on "dual tracking."[3]

As the appellant, Martinez bears the burden of showing that her first cause of action stated a valid claim. (*Rakestraw*, *supra*, 81 Cal.App.4th at p. 43.) When assessing whether Martinez has met that burden, our review is guided by the headings in the argument section of her opening briefs. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.) We disregard any argument that is not clearly identified in a heading. (*Opdyk v. California Horse Racing Bd.*, *supra*, at p. 1830, fn. 4.) We also disregard any contention that is not

---

[3] "'Dual tracking refers to a common bank tactic. When a borrower in default seeks a loan modification, the institution often continues to pursue foreclosure at the same time. [Citations.] The result is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it.'" (*Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 904.)

supported by legal authority or reasoned argument. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822, fn. 6.)

In the argument section of her opening brief, Martinez makes no attempt to explain why her first cause of action stated a valid claim under former Civil Code sections 2923.6 and 2924.18.[4] In fact, she does not mention either statute. Nor does she mention "dual tracking," the prohibited practice underlying her first cause of action. We therefore conclude Martinez failed to meet her burden of showing her first cause of action stated a valid cause of action. (*Rakestraw*, *supra*, 81 Cal.App.4th at p. 43; *Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7 ["Issues not raised in the appellant's opening brief are deemed waived or abandoned."].) As a result, we conclude the trial court did not err in sustaining Respondents' demurrer to the SAC's first cause of action.

2. *Second Cause of Action*

Martinez brought her second cause of action under the UCL. To have standing to assert a UCL claim, the plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice or false

---

[4] We do not address any arguments Martinez made for the first time in her reply brief because she has not demonstrated good cause for failing to raise them in her opening brief, which spans over 30 pages. (*Campos v. Anderson* (1997) 57 Cal.App.4th 784, 794, fn. 3.)

advertising that is the gravamen of the claim." (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 322.) A plaintiff fails to satisfy this causation requirement if he or she would have suffered "the same harm whether or not a defendant complied with the law." (*Daro v. Superior Court* (2007) 151 Cal.App.4th 1079, 1099.)

Martinez argues she suffered economic injury—the loss of her home—but she failed to allege facts showing that it was caused by Respondents' allegedly unfair or illegal conduct. As Martinez acknowledged in the SAC, her home went into default because she failed to make the required payments on her mortgage. Martinez's failure to do so is what caused her to home to be sold in foreclosure—not anything Respondents did. The SAC contains no allegations suggesting that Respondents' allegedly unfair or unlawful conduct caused the foreclosure. Because Martinez did not allege any facts suggesting that her home would not have been sold in foreclosure absent Respondents' conduct, she failed to allege facts showing that she had standing to pursue a UCL claim. (See *In re Turner* (9th Cir. 2017) 859 F.3d 1145, 1151 [plaintiff who defaulted on mortgage loans lacked standing under UCL because plaintiff's default caused economic injury]; *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 522-523 [same], overruled on other grounds in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939.) The trial court therefore properly sustained Respondents' demurrer to the SAC's UCL claim. (*Lueras v. BAC Home Loans Servicing LP* (2013) 221 Cal.App.4th 49, 83 [plaintiff had no standing under UCL because his "default on the loan, not any conduct on the part of [the defendant], triggered foreclosure proceedings"].)

6

C. *Leave to Amend*

In the argument section of her opening brief, Martinez does not discuss whether the trial court should have granted her leave to amend the SAC. In the introductory "Statement of the Case" section in her opening brief, Martinez summarily argues—without a separate heading—that the trial court abused its discretion by denying her leave to amend the SAC. "Arguments not raised by a separate heading in an opening brief will be deemed waived." (*Winslett v. 1811 27th Avenue, LLC* (2018) 26 Cal.App.5th 239, 248, fn. 6.) We therefore conclude Martinez waived her argument that the trial court erroneously denied her leave to amend. (*People v. Lombardo* (2020) 54 Cal.App.5th 553, 565, fn. 6 [declining to address argument "because it was not stated under a separate heading or subheading"].)

Nonetheless, we conclude the argument fails on the merits. Martinez bears the burden of showing that the trial court erred in denying her leave to amend. (*Cantu v. Resolution Trust Corp.* (1994) 4 Cal.App.4th 857, 890.) "To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action. [Citations.] Absent such a showing, the appellate court cannot assess whether or not the trial court abused its discretion by denying leave to amend." (*Ibid.*) Martinez therefore "*must clearly and specifically* set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it" and "set forth

factual allegations that sufficiently state all required elements of that cause of action." (*Rakestraw*, *supra*, 81 Cal.App.4th at p. 43, italics added.)

Martinez has failed to do so. In her lengthy opening brief, which is unclear and at times difficult to follow, Martinez summarily argues Respondents violated the law in a host of different ways. But Martinez does not articulate any specific amendments she could make to the SAC that would remedy its deficiencies if she were allowed leave to amend. Martinez never explains (1) which cause (or causes) of action she seeks to assert against Respondents, (2) the elements of any cause of action, or (3) how she could plead facts that state the required elements of a cause of action. In other words, Martinez has failed to meet her burden of proving that she could amend the SAC to state a viable cause of action. (See *Rakestraw*, *supra*, 81 Cal.App.4th at p. 43.) We therefore conclude she has failed to show that the trial court abused its discretion in sustaining Respondents' demurrer to the SAC without leave to amend.

IV.

DISPOSITION

The judgment is affirmed.  Respondents may recover their costs on appeal.[5]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


CODRINGTON
J.


We concur:


McKINSTER
Acting P. J.


FIELDS
J.

---

[5]  Martinez's requests for judicial notice are denied as unnecessary.