NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES W. BEST, Jr.; ROBBIE JOHNSON BEST, Plaintiffs-Appellants, v. DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for New Century Home Equity Loan Trust, Series 2005-05, Asset Backed Pass-Through Certificates; et al., Defendants-Appellees. | No. 17-56613 D.C. No. 5:16-cv-02308-JGB-SP MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Charles W. Best, Jr. and Robbie Johnson Best appeal pro se from the district

court's order dismissing their action alleging federal and state law claims related to

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their home mortgage loan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed plaintiffs' claims under California's Unfair Competition Law ("UCL") and for cancellation of instruments because plaintiffs failed to allege facts sufficient to show that they had standing to bring these claims. *See In re Turner*, 859 F.3d 1145, 1149-51 (9th Cir. 2017) (concluding that borrowers lacked to standing to enforce pooling and servicing agreement, and borrowers who were in default lacked standing to bring a UCL claim).

The district court did not abuse its discretion by denying plaintiffs' motions for reconsideration because plaintiffs failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)); *see also Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (after a final judgment, leave to amend may only be considered if the judgment is reopened under Rule 59 or 60).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**